Case 4:15-cv-01262   Document 39   Filed in TXSD on 10/06/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CNA METALS LIMITED § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:15-CV-01262 |
| § | |
| AMERICAN STEEL TRADING, INC., § | |
| *Defendant*. § | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff CNA's discovery motions referred to this magistrate by District Judge David Hittner: (1) motion to compel Rule 26 disclosures, (2) motion to compel attendance at deposition, (3) motion to compel responses to written discovery requests, and (4) motion to extend Rule 16 scheduling order deadline. Dkt. 35. American Steel responded to the motion, stating that the client has not been cooperative during the discovery period and requests that he be allowed to withdraw as counsel. Dkt. 37. That motion was not referred to this Court and will not be ruled on here. *See* Dkt. 36. Plaintiff's motions are granted.

CNA seeks discovery related to a contract or contracts with the defendant. Counsels for both parties have attempted to conduct discovery, but American Steel has been uncooperative with efforts to collection information.

*Rule 26 Initial Disclosures*

Federal Rules of Civil Procedure 26 requires parties to make certain disclosures without the need to wait for discovery requests. In American Steel's Rule 26 disclosures, they provided the information of Mr. Anil Kumar as the only person with discoverable

information. Dkt. 35-2. Even if he is the only person with discoverable information, American Steel has provided neither a calculation of damages nor copies or descriptions of any relevant documents. *Id.* CNA's request for complete Rule 26 disclosures is granted.

*Appearance at Noticed Deposition*

On several occasions, CNA has attempted to secure dates on which to take Mr. Kumar's deposition. Counsel for American Steel said he would try to get dates from his client, but was unsuccessful. In an attempt to comply within the bounds of the discovery schedule, CNA noticed American Steel of two deposition dates, July 28, 2016 and August 24, 2016. Mr. Kumar did not appear for either of the depositions. The notice was given in a reasonable amount of time for Mr. Kumar to either appear or inform CNA that those dates would not work for him. Because Mr. Kumar is the only person named to have relevant information, the Court grants CAN's motion to compel appearance for the deposition.

*Discovery Requests*

CNA served American Steel with eleven interrogatories and nine requests for production of documents.  Dkt. 35 at 4. American Steel responded to two interrogatories, objected to three, and did not answer six. *Id.* American Steel objected to all requests for production. Seven objections asserted that the request was overly broad or burdensome; two stated that the information requested was either privileged work product or covered by attorney-client privilege.

Interrogatories 2 through 8 were left unanswered. The requests asked for information regarding assertions in an affidavit from Mr. Kumar for American Steel. American Steel is directed to respond in full.

Interrogatories 9 through 11 ask for explanations regarding affirmative defenses, a counterclaim, and the calculation of any damages sought. American Steel objects on the grounds that information sought is privileged. The Court overrules the objections. This is not privileged information and American Steel is directed to respond in full.

Request for Production 1 seeks all documents sent or received from CNA to American Steel, including any correspondence and invoices. American Steel objects to this request on the grounds that it is vague and overly burdensome. The Court disagrees and overrules this objection. The Court directs American Steel produce all non-privileged relevant material requested in full.

Requests for Production 2 through 9 are for the production of documents that relate or support responses made to interrogatories. American Steel objects on grounds that the information requested is vague and overly burdensome. The Court does not agree and overrules the objection. American Steel is directed to produce all non-privileged relevant material requested in full.

*Rule 16 Scheduling Order Deadline*

The Motion Cut-Off date is October 3, 2016. Dkt. 35-9. The Court grants CNA's motion to extend the deadline, which is now set for November 4, 2016.

**CONCLUSION**

For the reasons set forth above, the Court grants CNA's motions to compel discovery responses. All discovery responses are due by October 24, 2016, and Mr. Kumar's deposition is to take place no later than October 31, 2016. The Court declines to award costs or impose sanctions at this time, but will reconsider in the event the terms of this Order are not complied with.

Signed at Houston, Texas, on October 6, 2016.

Stephen Wm Smith
United States Magistrate Judge